PER CURIAM.
V.D. is a juvenile charged with aggravated assault with a deadly weapon but without intent to kill. He petitioned this court for a writ of habeas corpus, alleging that he was improperly placed in secure detention pending his adjudicatory hearing. The petition was denied by unpublished order and we now issue this opinion to set forth our reasons for the ruling.
The Risk Assessment Instrument (RAI) prepared by the Department of Juvenile Justice (DJJ) for V.D. showed 9 points for a violent third degree felony and petitioner does not challenge that portion of the RAI. However, an additional 3 points were added for “aggravating factors” resulting in a total of 12 points, the minimum necessary to authorize secure detention under the RAI. The narrative section of the RAI recites that the aggravating factor points were assessed “because the incident was domestic, and the victim was afraid of the youth.”
*715 Petitioner argued to this court that the RAPs concern with the fear of the victim was unjustified because the victim did not appear at the hearing and was not contacted by DJJ before preparing the RAI. The police report of the incident clearly states that the victim ran away from V.D., fearing that he would be stabbed by V.D., who was holding a knife while chasing the victim for two blocks. Consideration of the police report in determining whether to detain V.D. was proper under Florida Rule of Juvenile Procedure 8.010(f)(2) and we therefore concluded this argument was without merit.
Petitioner also argued that section 985.213(2)(b)(3), Florida Statutes, authorizes detention of a juvenile charged with domestic violence when the juvenile does not meet detention criteria and other factors are present, and therefore it was improper to utilize the domestic nature of the instant charged offense to assess aggravating factor points on V.D.’s RAI. Respondent correctly pointed out that petitioner offered no authority in support of this proposition and we found no logic to support it. V.D. scored for secure detention on his RAI and therefore, by the express terms of section 985.213(2)(b)(3), it does not apply.
Finding no merit to petitioner’s remaining claims, the petition for writ of habeas corpus was denied.
PETITION DENIED.
ERVIN, DAVIS and HAWKES, JJ., concur.